Matter of Law Firm of Jennifer Zuch, P.L.L.C. v Lemus (2025 NY Slip Op 05885)

Matter of Law Firm of Jennifer Zuch, P.L.L.C. v Lemus

2025 NY Slip Op 05885

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 656077/23|Appeal No. 5032|Case No. 2024-07200|

[*1]In the Matter of The Law Firm of Jennifer Zuch, P.L.L.C., Petitioner-Respondent,
v
Alex Lemus et al., Respondents-Appellants.

The Linden Law Group, P.C., New York (Jeffrey Benjamin of counsel), for appellants.
The Law Firm of Jennifer Zuch, P.L.L.C., New York (Jennifer L. Zuch of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about May 30, 2024, which granted petitioner law firm's petition to confirm an arbitration award, dated September 12, 2023, granting it $297,150.91 in unpaid legal fees, and denied respondents' motion to vacate the award, unanimously affirmed, with costs.
The court correctly confirmed the arbitration award, as respondents failed to meet the "high burden" to vacate the award (see CPLR 7511[b][1]; Matter of D.P.I. Imports, Inc v Q4 Designs, LLC, 232 AD3d 512, 512 [1st Dept 2024], lv denied 43 NY3d 903 [2025]). The record does not show that the arbitrator engaged in fraud, corruption or misconduct by refusing to hear pertinent and material evidence, or that he manifestly disregarded the law in finding that respondents breached the retainer agreement and were otherwise liable for the unpaid legal fees based on the equitable theories of recovery (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480 [2006]). A court will not set aside an arbitrator's award for errors of law or fact unless the award is so irrational as to require vacatur, which is not the case here (Matter of Kucker Marino Winiarsky & Bittens, LLC v Neiman, 226 AD3d 480, 482 [1st Dept 2024]).
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025